OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed.
In this single eyewitness identification case, defendant appeals his conviction, after a jury trial, of first degree robbery *885 (Penal Law § 160.15 [4]) and third degree grand larceny (Penal Law former § 155.30 [5]), claiming he was denied a fair trial, in that the People were permitted, over objection, to refer to defendant during their opening statement and during the testimony of the arresting officer, as having become a "suspect” in the "investigation” soon after the incident based upon a description the victim had provided of his assailant. Defendant assigns error to such references, arguing that they were irrelevant, that they raised the impermissible inference that the victim had identified him during the three months between the incident and the lineup, and that they, in effect, served to implicitly bolster the victim’s identification. Even if we were to conclude that these references constituted legal error, under the facts of this case such error would be harmless in view of the evidence that the victim unhesitatingly and unequivocally identified defendant at the lineup.
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur.
Order affirmed in a memorandum.